UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-20063-MORENO
MAGISTRATE JUDGE P. A. WHITE

DARRYL RICHARDSON,                :

    Movant,                        :            REPORT OF
                                                MAGISTRATE JUDGE
v.                                :

UNITED STATES OF AMERICA,         :

    Respondent.                    :
_____

## I. Introduction

This matter is before the Court on the movant's *pro se* petition for writ of habeas corpus filed pursuant to United States Code Title 28, Section 2241, attacking his sentence in case number 04-CR-20705-SEITZ.

The Court has reviewed Richardson's petition for writ of habeas corpus and supporting memorandum (Cv-DE# 1), the Government's response and appendix of exhibits (Cv-DE# 8), Richardson's reply (Cv-DE# 9), all pertinent portions of the underlying criminal file, and the file in case number 09-CV-22349-SEITZ.

## II. Claim

Construing the *pro se* movant's arguments liberally, he appears to raise the following claim:

> 1.  Richardson's 360-month sentence exceeds the statutory maximum without jury findings in violation of the Sixth Amendment and <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013).

1

(Cv-DE# 1).

### III. Procedural History

Richardson was charged with conspiracy to distribute a five kilograms or more of cocaine in violation of United States Code Title 21, Sections 841(b)(1)(A)(ii) and 846. (Cv-DE# 8-1 at 1). The penalty sheet notes that the maximum penalty for the offense is life imprisonment. (Cv-DE# 8-1 at 4). A jury found him guilty as charged, and specifically found that the cocaine weighed five kilograms or more. (Cv-DE# 8-2). The Court sentenced him to 360 months' imprisonment followed by five years of supervised release. (Cr-DE# 187). The Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Richardson, 532 F.3d 1279 (11th Cir. 2008) (06-12610).

On August 3, 2009, Richardson filed a Section 2255 motion to vacate raising sixteen claims. (Cv-DE# 8-3). It was docketed in a separate civil case, number 09-CV-22349-SEITZ. The Court denied the motion to vacate on the merits. (09-22349 DE# 66). On June 10, 2013, the Eleventh Circuit Court of Appeals granted a certificate of appealability as to only the following issue: "Whether Richardson's counsel was ineffective for failing to investigate and obtain the necessary documents to adequately argue for a downward departure, pursuant to U.S.S.G. § 4A1.3(b)(1), on the basis that his conviction listed in paragraphs 34 and 36 of the presentence investigation report substantially overstates the seriousness of his criminal history." (09-22349 DE# 75). The Eleventh Circuit affirmed on April 30, 2014, finding that Richardson failed to show that the Court erred by concluding that counsel did not render ineffective assistance with regards to his motion for a downward departure sentence. (09-22349 DE# 79).

2

Meanwhile, on December 31, 2013, Richardson filed the instant habeas corpus petition filed pursuant to Section 2241.[1]

## IV. Discussion

Where an inmate challenges the execution of his sentence, a writ of habeas corpus under Section 2241 is the appropriate remedy. Preiser v. Rodriquez, 411 U.S. 475, 490 (1973). On the other hand, an action collaterally attacking the validity of the conviction or imposition of the sentence should be filed as a motion to vacate under Section 2255. 28 U.S.C. § 2255; Gonzalez v. Crosby, 545 U.S. 524 (2005). When a federal prisoner's claims fall within the ambit of Section 2255, "the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). These restrictions include the jurisdictional bar on entertaining a second or successive Section 2255 motion without first obtaining authorization from the appropriate appellate court. See 28 U.S.C. § 2244(b)(3)(A)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); 28 U.S.C. § 2255(h) (a second or successive Section 2255 motion to vacate must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (if a

---

[1] On July 14, 2014, Richardson filed a Section 2255 motion to vacate which has been docketed in a new civil case number, 14-CV-22680-SEITZ.

petitioner files a second or successive habeas petition without first seeking permission from the appellate court, the District Court is without jurisdiction to entertain it).

A petition attacking custody resulting from a federally-imposed sentence may be filed under Section 2241 instead of Section 2255 where the petitioner establishes the remedy provided under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of presenting evidence that affirmatively shows the Section 2255 remedy is inadequate or ineffective. Turner v. Warden, 709 F.3d 1328, 1333 (11th Cir. 2013). Restrictions on Section 2255 motions, standing alone, do not render Section 2255 "inadequate or ineffective" within the meaning of the savings clause. See Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005). To challenge his sentence, the petitioner must establish that he meets the five specific requirements a Section 2241 petitioner must satisfy to proceed under Section 2255(e) that: (1) throughout the petitioner's sentencing, direct appeal and first § 2255 proceeding, this Court's precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition; (2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent; (3) that Supreme Court decision applies retroactively on collateral review; (4) as a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and (5) the savings clause of § 2255(e) reaches his claim. Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1274 (11th Cir. 2013).

In the instant case, Richardson has failed to demonstrate that the savings clause applies. As to the third prong of Bryant's analysis, Richardson argues that he is entitled to relief based on Alleyne v. United States, 133 S.Ct. 2151 (2013). However, Alleyne

4

does not apply retroactively to cases on collateral review. <u>Jeanty v. Warden, FCI-Miami</u>, No. 13-14931 (11th Cir. July 22, 2014). Richardson is also unable to satisfy <u>Bryant's</u> fourth prong, which is that the retroactive application of <u>Alleyne</u> would mean that his sentence exceeds the statutory maximum for the offense. Richardson was convicted of violating Title 21, Section (b)(1)(A)(ii), which is punishable by up to life imprisonment. His 360-month sentence is less than life and, therefore, his sentence would not exceed the statutory maximum even if <u>Alleyne</u> applied retroactively. Therefore, Richardson cannot satisfy the savings clause and treatment of this pleading as a Section 2241 habeas corpus petition is inappropriate.

This petition is an unauthorized second or successive motion to vacate. Richardson previously sought Section 2255 relief which was denied on the merits in case number 09-CV-22349-SEITZ, and was affirmed on appeal. Richardson filed the instant petition pursuant to Section 2241 while the appeal in his first Section 2255 case was pending. This is therefore an unauthorized second or successive Section 2255 motion to vacate over which the Court lacks jurisdiction. <u>See</u> <u>United States v. Terrell</u>, 141 Fed. Appx. 849, 852 (11th Cir. 2005) (motion to reopen and amend the defendant's initial Section 2255 motion should be construed as a second or successive motion where the initial motion had already been ruled on by the district court and was pending on appeal).

Even if Richardson had sought permission from the Eleventh Circuit to file a second or successive Section 2255 motion, it appears unlikely that such permission would have been granted because he has not identified any newly discovered evidence and, for the reasons already stated, <u>Alleyne</u> is not retroactive. <u>See</u> 28 U.S.C. § 2255(h).

Notwithstanding, if the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by Section 2244(b)(3)(A). The movant will be provided with a form to apply for such authorization with this report.

### V. Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2255, Rule 11(a). A timely notice of appeal must be filed even if the court issues a certificate of appealability. 28 U.S.C. § 2255, Rule 11(b).

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right as to movant's claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (habeas petitioner must demonstrate reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further). Therefore, it is recommended that the Court deny a certificate of appealability in its final order. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in objections to this report.

## VI. Conclusion

Based on the foregoing, it is recommended that the petition for writ of habeas corpus be construed as a Section 2255 motion to vacate, that it be dismissed as successive, a certificate of appealability not be issued, and this case be closed.

Objections to this report, including any objection with regards to the recommendation regarding the certificate of appealability, may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 24th day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

(ATTACHMENT)

cc: Darryl Richardson, *pro se*
    Reg. No. 63986-004
    Miami FCI
    Federal Correctional Institution
    Inmate Mail/ Parcels
    Post Office Box 779800
    Miami, FL 33177

    Karen Rochlin
    United States Attorney's Office
    99 NE 4 Street
    Miami, FL 33132