UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-20063-CIV-MORENO

DARRYL RICHARDSON,

    Petitioner,

vs.

FCI MIAMI, R.C. CHEATHAM, Warden, and
UNITED STATES OF AMERICA,

    Defendants/Respondent.
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND DISMISSING CASE

THE MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge for a Report and Recommendation on Petitioner's *pro se* Petitioner for Writ of Habeas Corpus (D.E. No. 1), construed as a 28 U.S.C. § 2255 Motion to Vacate, filed on **January 7, 2014**. The Magistrate Judge filed a Report and Recommendation (D.E. No. 10) on **July 24, 2014**. The Court has reviewed the entire file and record. The Court has made a de novo review of the issues and notes that the Plaintiff did not file objections to the Report and Recommendation, and the time to do so has now passed. It is

**ADJUDGED** that United States Magistrate Judge Patrick A. White's Report and Recommendation (D.E. No. 10) on **July 24, 2014** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** Petitioner Richardson's *pro se* Petition for Writ of Habeas Corpus, construed as a Section 2255 Motion to Vacate, is dismissed as an unauthorized second or successive motion to vacate, over which the Court lacks jurisdiction. *See United States v. Terrell*, 141 Fed. Appx. 849, 852 (11th Cir. 2005) (motion to reopen and amend the defendant's initial Section 2255 motion should be construed as a second or successive motion where the initial motion had already been ruled on by the

district court and was pending on appeal). Richardson filed the instant petition pursuant to 28 U.S.C. § 2241 while the appeal in his first Section 2255 case, No. 09-CV-22349-SEITZ, was pending. Indeed, even if Richardson sought permission from the Eleventh Circuit to file a second or successive Section 2255 motion, it is unlikely he would have receive such permission because Richardson has not identified any newly-discovered evidence. Moreover, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), to which Richardson cites to argue that his sentence exceeds the statutory maximum for the offense, does not apply retroactively. *Jeanty v. Warden, FCI-Miami*, No. 13-14931 (11th Cir. July 22, 2014). It is further

**ADJUDGED** that no Certificate of Appealability shall issue. Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Accordingly, this case is CLOSED

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of August, 2014.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

United States Magistrate Judge Patrick A. White

Darryl Richardson, *pro se*
63986-004
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177

Counsel of Record